**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN W. FRYER,

    Plaintiff,

v.

CITIFINANCIAL, INC., et al.,

    Defendants.

Case No. 1:11-cv-606

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff John W. Fryer, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging that CitiFinancial, Inc., One Main Financial, Inc., Citi-Group, Inc., (hereinafter "the Citigroup Defendants"), and LVNV Funding LLC (hereinafter "LVNV"), violated numerous state and federal laws in connection with a loan agreement executed by Plaintiff in April 2006. Plaintiff alleges that all four Defendants committed a breach of contract, and violated the following federal laws: the Fair Trade Commission Act, the Federal Fair Trade Debt Collection Practices Act, the "Uniform Deceptive Trade Practices Act of 1964," "the Short Term Lender Law," the False Claims Act, the Fraudulent Claims Act, the Fair and Accurate Credit Transaction Act, the Equal Credit Opportunity Act, and the Federal Arbitration Act. In addition, Plaintiff alleges "forgery," "harassment," "Ohio 1321.35," mental anguish, emotional distress, and theft by deception.[1] (Doc. 3). Plaintiff alleges that

---

[1] As noted by Defendants, the legal theories stated in the caption of the complaint do not precisely match up with the claims included in the "Causes of Action" section of the complaint. The Court has attempted to include a list of all of the claims, no matter how stated.

Defendants have violated various federal and state law "through predatory and discriminatory" lending practices that target "low elderly, questionably incompetent Homeowners," and inducing Plaintiff "to enter illegal, discriminatory, fraudulent, and unconscionable loans," and engaging in "a pyramid scheme to defraud the Plaintiff." Plaintiff seeks compensatory damages in excess of $175,000.00, punitive damages in excess of 10 million dollars, attorney's fees (despite proceeding *pro* se), and "all other equitable and declaratory relief." (*Id*.). Plaintiff invokes this Court's diversity jurisdiction as well as federal question jurisdiction.

In the Order permitting this suit to proceed *in forma pauperis*, this Court previously took judicial notice of the fact that Plaintiff filed a prior lawsuit involving the same facts and several of the same defendants, *see Fryer v. CitiFinancial Inc., et al.*, Case No. 1:10cv778 (S.D. Ohio)(Dlott, J.; Litkovitz, M.J). That case was dismissed *sua sponte* under 28 U.S.C. §1915(e)(2)(B) for lack of subject matter jurisdiction. However, the instant complaint was permitted to proceed on the basis that "two corporate entities have been added as defendants," and because Plaintiff "has alleged additional facts in an effort to show" diversity jurisdiction, as well as "alleged violations of additional federal statutes." (Doc. 2 at 1, n.1.).

The three Citigroup Defendants have jointly moved to dismiss the complaint for failure to state a claim against them, pursuant to Rule 12(b)(6). Defendant LVNV has separately moved for judgment on the pleadings pursuant to Rule 12(c). After Plaintiff was initially issued a "show cause" order directing him to show why Defendants' motions should not be granted as unopposed, Plaintiff filed a brief response in opposition. For the

2

reasons that follow, I now recommend that both motions be granted.

**II. Key Allegations in Complaint**

According to the complaint, Plaintiff entered into what he "was misled to believe" was a contract with CitiFinancial on April 14, 2006. (Doc. 3, ¶ 27). CitiFinancial allegedly sold the contract to LVNV, which entity allegedly filed suit against Plaintiff in Hamilton County Municipal Court, but subsequently dismissed that action. Plaintiff refers in his complaint to multiple exhibits, but none have been filed of record in this case.[2]

Most of the allegations in the complaint do not differentiate between the Defendants, but instead describe the Defendants collectively. Plaintiff alleges that his substantive and procedural due process rights were violated "by the failure of the Defendants to resolve this matter Administratively...." (Doc. 3, ¶33). Plaintiff alleges that Defendants sought to enforce the 2006 "unlawful" contract even though they were aware that Plaintiff "was medically and mentally unable to enter into said contract...[and] incompetent to do so...at that time" due to the medications he was taking that impacted his "decision making ability." (*Id.,* ¶34). Plaintiff further alleges that Defendants "continue to attempt to enforce a mandatory Arbitration Agreement...that is unconscionable, unenforceable, and ambiguous." (*Id.*, ¶43).

Plaintiff asserts diversity jurisdiction, but also alleges that he is an Ohio citizen, and that Defendants "are Corporations incorporated under the laws of New York, Maryland, South Carolina, **Ohio**, and Nevada." (*Id.,* ¶18)(emphasis added). Plaintiff specifically alleges that Defendant "One Main Financial is a Ohio corporation conducting business in

---

[2]Exhibits were attached to Plaintiff's related complaint in Case No. 1:10cv778.

Ohio and several other States....and holds a certificate of registration from the Ohio Superintendent of Consumer Finance to do such business...." (*Id.,* ¶16).

**III. Analysis**

**A. Lack of Diversity Jurisdiction**

It is apparent from further review of the complaint that this Court lacks diversity jurisdiction. In Plaintiff's complaint, he has alleged that he is a resident and citizen of Ohio, and that Defendant One Main Financial also is an Ohio corporation. For a federal court to have subject matter jurisdiction under 28 U.S.C. §1332(a), the plaintiff must show "complete diversity," in that plaintiff must be diverse from each defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)(citations omitted). Plaintiff's own allegations defeat diversity jurisdiction in this case on the face of the complaint. In their Answer, the Citigroup Defendants assert that One Main Financial is actually a Delaware Corporation, but that CitiFinancial is an Ohio Corporation. Even if Defendants' Answer is considered, the fact remains that incomplete diversity exists to establish the subject matter jurisdiction of this Court.

**B. Lack of Federal Question Jurisdiction**

Plaintiff's complaint contains fleeting references to a number of federal statutes, but virtually no factual allegations are connected to those statutory references. As with the lack of diversity jurisdiction, closer inspection confirms that Plaintiff has failed to state any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Therefore, this Court lacks subject matter jurisdiction. To the extent that any possible basis for jurisdiction exists over any of the claims alleged under federal law, the Defendants' motions to dismiss those claims should be granted.

### C. Failure to State a Federal Claim against Any Defendant

Both of Defendants' pending motions argue, to some extent, that Defendants cannot possibly be expected to determine what claims are alleged against them. The only factual allegations in the complaint are that: (1) CitiFinancial entered into some type of contract with Fryer in April of 2006; (2) CitiFinancial was aware at the time of the contract that Plaintiff was legally incompetent; (3) CitiFinancial sold the contract to LVNV; and (4) All Defendants (including CitiFinancial) improperly attempted to enforce the contract and/or an arbitration clause. All other allegations against all Defendants amount - at most- to legal conclusions which are wholly unsupported by any factual allegations.

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in recent years, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.* The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are

mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth"). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.

None of Plaintiff's allegations against any of the named Defendants survive the *Twombly* and *Iqbal* pleading standards. However, to the extent that the Court initially granted Plaintiff leave to proceed by construing all allegations liberally under the preliminary screening standards of 28 U.S.C. §1915(a), it is clear after further review of Defendants' pending motions that Plaintiff has failed to state any claim upon which relief could be granted. Plaintiff's complaint refers to a veritable smorgasbord of state and federal causes of action, but contains precious few factual allegations to support those causes of action. In many instances, the complaint does not even provide "a formulaic recitation of the elements of a cause of action" but instead contains but the barest reference to a state or federal statute, which clearly is insufficient to survive Defendants' motions to dismiss.

1. **Fair Debt Collection Practices Act**

To prevail under the FDCPA, a plaintiff must first establish that the named defendant is a "debt collector." *See* 15 U.S.C. §1692a(6). "[A] debt collector does not include the consumer's creditors," *Montgomery v. Huntington Bank*, 346 F.3d 693, 398 (6th Cir. 2003)(citation omitted). Nor does it include "a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Martin v. Select Portfolio Serving Holding Corp.*, 2008 WL 618788, *4 (S.D. Ohio March

3, 2008). Plaintiff alleges that CitiFinancial is the company with whom he contracted for the debt. Therefore, it is clear from the face of the complaint that the Citigroup Defendants are alleged to be creditors and cannot be "debt collectors" under the FDCPA.

Although it might be possible for Plaintiff to prove that Defendant LVNV is a "debt collector" under the Act, Plaintiff also fails to state a claim against that Defendant, because he is clearly outside the one-year applicable statute of limitations. *See Ruth v. Unifund CCR Partners*, 604 F.3d 908 (6th Cir. 2010). Plaintiff never clearly identifies what actions taken by LVNV violated the FDCPA, nor does he identify what provisions of the Act that Defendant is alleged to have violated. Although his failure to include such critical factual allegations itself requires dismissal of the claim, any amended claim would be barred by the applicable limitations period. Plaintiff alleges that the underlying contract was executed on April 14, 2006, and that LVNV filed suit against plaintiff in 2009. Both events are beyond the one-year limitations period, since Plaintiff did not file suit until September 2011. The only allegations that relate to LVNV suggest that Defendant sent Plaintiff collection letters, but provide no explanation of how that might violate the Act. Although Plaintiff also references LVNV's lawsuit against him, the filing of a lawsuit against a debtor is not a violation of the FDCPA, nor is filing a motion to withdraw that action. *See Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 331 (6th Cir. 2006).

### 2. Equal Credit Opportunity Act

The ECOA exists to prevent discriminatory practices in credit transactions "on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. §1691(a)(1). To prove his *prima facie* case, Plaintiff must allege facts to show (1) he is a member of a protected class; (2) he applied for and was qualified for an extension of credit;

(3) despite his qualifications, he was rejected; and (4) others of similar credit stature were given more favorable treatment.  *See Hood v. Midwest Savings Bank*, 95 Fed. App'x 768, 778 (6th Cir. 2004); *see also Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998).  Plaintiff has failed to allege either conduct protected by the Act or that he suffered adverse consequences as a result of Defendants' activity.  Plaintiff cannot show an ECOA violation simply by alleging that the creditor is attempting to collect on the debt.  *Lewis,* 135 F.3d at 406.  Therefore, he has failed to state a claim under the ECOA.  *See Hanlin v. Ohio Builders and Remodelers, Inc.,* 196 F. Supp.2d 572, 584 (S.D. Ohio 2001).  Any ECOA claim also would barred by a two-year statute of limitations that runs from the date of the loan.  *See* 15 U.S.C. §1691e(f).

### 3. Due Process Claims

Portions of Plaintiff's complaint appear to allege violations of Plaintiff's substantive and procedural due process rights.  A plaintiff may seek a remedy for a violation of his constitutional rights under 42 U.S.C. §1983, to the extent that the named defendants are alleged to have acted under color of state law.  As pointed out by Magistrate Judge Litkovitz in Plaintiff's prior case involving the same credit transaction, the Defendants here are all private entities and therefore cannot be held liable under 42 U.S.C. §1983.

### 4. Arbitration Claim

Under the Federal Arbitration Act, courts generally will consider only claims that concern the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole.  *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002).  Because no factual allegations are contained in the complaint that pertain to the arbitration agreement (which Plaintiff alleges is "unconscionable"), no claim is stated

for this Court's review.

### 5. Defamation of Credit and/or FCRA Claim

The Citigroup Defendants argue that - to the extent that Plaintiff generally alleges in paragraph 47 of his complaint that he was defamed through credit reporting, his state claim would be preempted by the Fair Credit Reporting Act (FCRA). The Court agrees, but notes that Plaintiff has included at least a cursory reference to the FCRA. However, whether viewed under state or federal law, the complaint makes no allegations as to how Plaintiff has been damaged by the credit reporting and therefore is subject to dismissal on that basis.

### 6. The Uniform Deceptive Trade Practices Act Claim

Plaintiff includes a cursory reference to the Uniform Deceptive Trade Practices Act of 1964 in the caption of his complaint, but not elsewhere. This is a uniform law adopted by the National Conference of Commissioners on Uniform State Laws, and is not a federal law. Ohio adopted the Deceptive Trade Practices Act at O.R.C. §4165.02. However, the DTPA does not create a cause of action for consumers and Plaintiff has pleaded no specific allegations; therefore, Plaintiff's claim under this law must be dismissed.

### 7. Federal Trade Commission Act of 1914

Again, Plaintiff includes a reference to this federal statute in the caption of his complaint, but not elsewhere. There is no private right of action under the FTCA, "which vests initial remedial power solely in the Federal Trade Commission." *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp.2d 1184, 1191 (D. Ariz. 2009); *Accord St. Martin v. KFC Corp.*, 939 F. Supp. 898 (W.D. Ky. 1996); *see also Morales v. Walker Motors Sales, Inc.*, 162 F. Supp.2d 786 (S.D. Ohio 2000).

### 8. False Claims Act

As with prior claims, Plaintiff includes a reference to this federal statute in the caption of his complaint, but not elsewhere. In any event, the False Claims Act "provide[s] for restitution to the government of money taken from it by fraud." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005)(internal quotation and citation omitted). This matter does not involve the Untied States government, nor any allegations that any Defendant knowingly submitted false or fraudulent claims to the United States government. Therefore, no False Claims Act has been stated.

### 9. The Fraudulent Claims Act

Plaintiff includes a reference to this law in the caption of his complaint, but no such statute appears to exist. To the extent that Plaintiff intended to refer to the similarly titled Forfeiture and Fraudulent Claims Act (FFCA), 25 U.S.C.A. §2514, Plaintiff has failed to state a claim once again. The FFCA concerns the forfeiture of fraudulent claims against the United States, and no allegations in the complaint would fall within its scope.

### 10. Fair and Accurate Credit Transaction Act

Last, Plaintiff cites the Fair and Accurate Credit Transaction Act ("FACTA"). Again, he fails to state what provision(s) any of the Defendants allegedly violated, or to allege any facts that relate to such a claim; therefore, the claim is subject to dismissal under *Iqbal.*

### D. Dismissal of Miscellaneous State Law Claims

In light of the lack of federal subject matter jurisdiction, I recommend that this Court decline to exercise supplemental jurisdiction over any claims based exclusively on state law. A district court may decline supplemental jurisdiction over claims brought under state law when the court has dismissed all federal claims over which it had original jurisdiction.

28 U.S.C. §1367(c)(3); *see Whitaker v. Deutsch Bank Nat'l Trust Co.*, 605 F. Supp.2d 914, 931 (N.D. Ohio 20099); *Smith v. Encore Credit Corp.*, 623 F. Supp.2d 910, 922 (N.D. Ohio 2008). In the alternative, I would recommend granting Defendants' motions to dismiss those claims on the merits, for failure to state a claim.

   **1. Emotional Distress/ Harassment/ Mental Anguish**

Because Plaintiff alleges - at most - economic loss, he cannot recover under Ohio law for either intentional or negligent infliction of emotional distress. *See Provident Bank v. Adriatic, Inc.* 2005 WL 2840741 (Ohio App. 12 Dist., Oct. 31, 2005)(alleged harm from loan agreement was "the particular province of the law of contracts," and not the subject of tort law). In addition, Plaintiff's complaint fails to allege that any Defendant did anything but (1) enter into some type of loan agreement; (2) seek to enforce that agreement through correspondence and a state court lawsuit. None of the allegations in the complaint remotely approach an actionable level for emotional distress under Ohio law.

   **2. Breach of Contract**

Plaintiff alleges that he entered into a contract with CitiFinancial, which contract he alleges was void due to his incompetency. Plaintiff has failed to allege, however, how CitiFinancial may have breached any such contract, and no contractual claims are asserted against the remaining Defendants (with whom he does not allege that he contracted).

   **3. Short Term Lender Law**

Plaintiff refers to Ohio's Short Term Lender Law in the caption of his complaint, but not elsewhere. Because no facts appear in the complaint to support it, this conclusory claim must be dismissed.

### 4. Theft by Deception

Although Plaintiff's complaint contains a citation to an Ohio criminal statute, that criminal statute provides no basis for sustaining a civil claim for theft by deception.

### 5. Fraud

As the Citigroup Defendants point out, the statute of limitations for fraud in Ohio is four years, and begins to run when the fraud was or should have been discovered. *See* O.R.C. §2305.09. Plaintiff's complaint alleges fraud against the Defendants is primarily based upon events that occurred in April of 2006. Because Plaintiff's complaint was not filed until September 2011, any claim for fraud appears to be time-barred.

### E. *Res Judicata* or Claim Preclusion

To the extent that subject matter jurisdiction exists for any of Plaintiff's claims, Defendant LVNV argues that it is nevertheless entitled to judgment based upon the doctrine of claim preclusion. Plaintiff previously filed suit against both Citigroup and LVNV concerning the same April 2006 transaction, but Magistrate Judge Litkovitz and District Judge Dlott dismissed that suit *sua sponte* based upon the lack of diversity or federal question jurisdiction, and alternatively, for failure to state a claim. As Defendant notes, the Court reasoned that, "[t]o the extent plaintiff's complaint may be construed as invoking the Court's federal question jurisdiction..., the complaint must nevertheless be dismissed for failure to state a claim upon which relief may be granted." Case No. 1:10-cv-778, Doc. 3 at 4. In addition to explaining why Plaintiff had failed to state a claim for relief under the Americans with Disabilities Act or 42 U.S.C. §1983, the Court explained:

> The Court cannot discern any other possible federal claim stemming from plaintiff's allegations. Therefore, plaintiff's allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction

under 28 U.S.C. §1331.

(*Id*. at 7). Although Defendant argues that the claims now presented could and should have been presented in the prior federal action, no less authority than the United States Supreme Court has noted conceptual difficulty with applying the doctrine of claim preclusion when the prior complaint has been dismissed under 28 U.S.C. §1915, without a full determination of the merits. *See, e.g., Denton v. Hernandez*, 112 S.Ct. 1728, 1734 (1992)(stating that "dismissal does not prejudice the filing of a paid complaint making the same allegations," even though it "could..have a res judicata effect on frivolousness determinations."). Because this Court did not apply the doctrine when it initially screened Plaintiff's complaint, the Court does not recommend dismissal on this basis at this juncture.

**IV. Conclusion and Recommendation**

For the reasons stated herein, **IT IS RECOMMENDED THAT:**

1. Defendants' motion to dismiss and motion for judgment on the pleadings (Docs. 13, 20) should be **GRANTED**, and that

2. Plaintiff's complaint should be dismissed with prejudice, and this case be **CLOSED**.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOHN W. FRYER, | Case No. 1:11-cv-606 |
| Plaintiff, | Spiegel, J. |
| | Bowman, M.J. |
| v. | |
| CITIFINANCIAL, INC., et al., | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).